J-S71008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID PATTERSON | : | |
| | : | |
| Appellant | : | No. 573 EDA 2017 |

Appeal from the PCRA Order February 10, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0008764-2011,
CP-51-CR-0010708-2011

BEFORE:   PANELLA, J., STABILE, J., and PLATT*, J.

JUDGMENT ORDER BY PANELLA, J.:          **FILED FEBRUARY 21, 2018**

Appellant entered an open guilty plea to, among other charges, persons not to possess firearms, 18 Pa.C.S.A. § 6105(a)(1). At sentencing, the Commonwealth provided the court with the offense gravity score of ten, prior record score of four, and the standard guideline range of 48 to 60 months, for the firearms conviction. **See** N.T., Sentencing, 1/3/13, at 25-26.[1] For that conviction, the court sentenced Appellant to a term of imprisonment of five to ten years, a standard range sentence. **See id**., at 39. Appellant did not file a direct appeal.

---

* Retired Senior Judge assigned to the Superior Court.

[1] **See also** 204 Pa. Code § 303.15. **Offense Listing** (7th ed. 12/28/12); 204 Pa. Code. § 303.16. **Basic Sentencing Matrix** (7th ed. 12/28/12).

Eleven months after sentencing, Appellant filed a *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, alleging plea counsel coerced him into pleading guilty. The PCRA court appointed counsel who later filed an amended PCRA petition. In that petition, counsel alleged "[t]he petitioner was subject to a mandatory sentencing statute which has been determined to be unconstitutional," the "mandatory sentence was an illegal sentence," and prior counsel's ineffectiveness in failing to raise this issue at sentencing or in a direct appeal. Amended Petition Under the Post Conviction Relief Act, filed 2/27/16, at ¶¶ 1, 3, and 4.

The petition did not identify the objected-to conviction, nor did it identify the mandatory minimum sentencing statute. The accompanying memorandum of law filed in support of the petition, however, identified the objected-to conviction as the firearms conviction, but oddly did not identify the mandatory minimum sentencing statute. Presumably, counsel was referring to 42 Pa.C.S.A. § 9712(a). In any event, the basis for the illegality argument was **Alleyne v. United States**, 570 U.S. 99 (2013). The High Court decided that case on June 17, 2013—five months after Appellant's sentencing.

The PCRA court provided Appellant notice and later denied the petition without holding an evidentiary hearing. This timely appeal followed. On appeal, Appellant argues plea counsel was ineffective for failing to challenge what he maintains was an illegal sentence.

Again, strangely, Appellant does not identify the mandatory minimum sentencing statute. But perhaps the failure to even identify the statute is not so strange: The court did not impose a mandatory minimum sentence in this case. As noted, the court imposed a *standard range* sentence on the § 6105(a)(1) conviction. Neither the phrase "mandatory minimum" nor the concept was ever even referred to at sentencing.[2] The PCRA court committed no error in dismissing this utterly frivolous claim.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: *2/21/2018*

---

[2] We would be remiss if we did not point out to Appellant "**Alleyne** does not apply retroactively to cases pending on collateral review…." **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016). **See also Commonwealth v. Riggle**, 119 A.3d 1058, 1067 (Pa. Super. 2015) ("**Alleyne** is not entitled to retroactive effect in this PCRA setting.") His effort to argue otherwise in his brief is simply wrong. Further, **Alleyne** came out *months after* Appellant's sentencing. "[C]ounsel cannot be ineffective for failing to predict changes in the law." **Commonwealth v. Tilley**, 780 A.2d 649, 653 (Pa. 2001) (citation omitted).